[Civ. No. 2280.  First Appellate District.—October 22, 1917.]

## WM. S. BRUSSTER, Jr., et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Workmen's Compensation Act—Injury to Night Watchman—Unwarranted Use of Circular Saw.—Under the Workmen's Compensation Act, an award of compensation to a night watchman for an injury sustained while using a circular saw for the purpose of making a board of suitable length to barricade a door must be annulled, for even assuming that it was within the scope of his employment to see that the doors of the premises were properly secured by locking, the resort to the use of the saw was entirely beyond the scope of his employment.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Lilienthal, McKinstry & Raymond, and Barry Colding, for Petitioners.

Christopher M. Bradley, for Respondents.

THE COURT.—Petition for writ of review.

The applicant, being a night watchman in the employ of the petitioners, received an injury while using a circular saw on the premises of his employers, the use of said saw being occasioned by the desire of said watchman to procure a board of suitable length to barricade an outer door of the premises which he was employed to watch, the lock on said door being defective. He was awarded compensation by the Industrial Accident Commission, and a writ of review is here sought for the purpose of annulling said award upon the ground that there is no evidence to sustain it.

Assuming that it was within the scope of the applicant's employment to see that the doors of the premises were properly secured by locking, nevertheless we are of the opinion that his resort to the use of a circular saw for the purpose of making a board that would answer the purpose of extending across the door was entirely beyond the scope of his employment and not in the contemplation of his employers, and was not a resort to reasonable means for the purpose of securing the end intended by him at that time. If we are correct in this conclusion, the award cannot stand; and it is therefore ordered that it be, and it is hereby, annulled.